# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DARRELL M. SCHNEIDER,

        Petitioner,

    v.                                       Case No. 15-CV-709

UNITED STATES OF AMERICA,

        Respondent.

## DECISION AND ORDER DENYING POST-CONVICTION RELIEF

Darrell M. Schneider, a member of the Menominee Indian Tribe, pled guilty to and was convicted of one count of sexual abuse of his teenage daughter in violation of 18 U.S.C. §§ 1153(a) and 2243(a)(1), and was sentenced to 96 months in the custody of the Bureau of Prisons. No. 11-CR-124 (E.D. Wis.). Schneider appealed his conviction and sentence on the ground that his plea was not knowingly and voluntarily entered because he had not understood the nature of the charge to which he pled. The Seventh Circuit affirmed on January 22, 2015.

Schneider now seeks relief under 28 U.S.C. § 2255 on numerous grounds, including that his plea was not knowing and voluntary, actual innocence, and ineffective assistance of counsel. For the reasons below, Schneider is barred from re-litigating the involuntary plea claim he raised on direct appeal, he is barred from asserting claims, including actual innocence, that he could have but did not raise on direct appeal because of his procedural default and because of the appellate wavier contained in his plea agreement, and his claims that each of his three attorneys provided ineffective assistance are without merit. The motion will therefore be denied without further hearing.

## BACKGROUND

On May 19, 2011, Darrell Schneider, then 39, was charged by criminal complaint with one count of abusive sexual contact of his then fifteen-year-old daughter and one count of sexual abuse of a minor. Probable cause for the charges was based on the affidavit of FBI Special Agent Nicholas Massey, which related the following information: On May 15, 2011, M.S. reported to law enforcement that her father, Schneider, had sexually assaulted her approximately three weeks previous. M.S. had initially told her cousin about the assault because Schneider was on his way home and was drunk. M.S. said that when Schneider was intoxicated or under the influence of controlled substances he attempts to sexually assault her. On the occasion three weeks previous, Schneider had provided M.S. alcohol, which she consumed before going to her bedroom and falling asleep. When M.S. woke up, her pants were pulled down to her ankles, she was lying on her stomach and Schneider was on top of her. M.S. could feel that Schneider was attempting to place his penis in her buttocks. M.S. said that Schneider's penis made contact with her buttocks but that she was able to push him off and then leave the room. M.S. also indicated that Schneider had sexually assaulted her in 2009. S.A. Massey related that social service records indicated that this incident, also occurring in M.S.'s bedroom but this time involving vaginal intercourse, was reported two days after it occurred on June 30, 2009, but that the matter was considered closed when M.S. later recanted her allegation.

In the complaint the April 2011 incident was charged as abusive sexual contact and the June 2009 incident as sexual abuse of a minor. The former charge, which carried a maximum of three years' imprisonment, required proving "sexual contact" meaning "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any

2

person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The latter, which carried a maximum sentence of 15 years' imprisonment, required proving Schneider knowingly engaged in or attempted to engage in a "sexual act," which includes "contact between the penis and the vulva or the penis and the anus, and . . . contact involving the penis occurs upon penetration, however slight." 18 U.S.C. §§ 2243(a), 2246(2)(A).

On June 7, 2011, a grand jury sitting in this district returned an indictment charging two counts of sexual abuse contrary to subsection 2242(2), which prohibits knowingly engaging or attempting to engage in a "sexual act" with another who is "incapable of appraising the nature of the conduct" or "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." Each count carried the possibility of life in prison.

In August 2011, in an interview conducted by SA Massey, M.S. indicated that Schneider began assaulting her when she was eight or nine years of age. 4/13/2012 Hearing Tr. 106:7–10, No. 11-CR-124 (E.D. Wis.), ECF No. 58. She also indicated that the times that she had recanted her allegations of rape in the past were false recantations. She indicated that the reason she had recanted was because she did not want to break up her family. *Id.* at 106:18–19. The government advised Schneider's appointed counsel, Attorney Steven Richards, of the possibility of new charges based on the allegation that the abuse began when M.S. was seven or eight years old, and based also on potential witness intimidation charges arising out of telephone conversations with M.S. that Schneider had from jail after his arrest. According to Richards, he discussed the possibility that additional charges would be filed with Schneider, including the fact that sexual abuse of someone under the age of 12 is a crime that carries a mandatory minimum sentence of 30 years'

3

imprisonment.  *Id.* at 11–12; *see* 18 U.S.C. § 2241(c).

On September 6, 2011, Schneider signed a plea agreement in which he agreed to plead guilty to an information charging him with engaging in a "sexual act" on June 28, 2009.  The offense to which Schneider was to plead guilty under that agreement carried a maximum penalty of 15 years' imprisonment.  4/13/2012 Hearing Tr. 15–16.  After signing the agreement, however, and before it was filed with the court, Schneider indicated to Attorney Richards that he wanted to plead to the 2011 conduct, not the 2009 conduct.  *Id.* at 16–17.  The government agreed to substitute the offenses and the parties executed a new plea agreement to that effect on September 16, 2011.  The new plea agreement was based on a one-count information alleging Schneider knowingly engaged in a sexual act—specifically, "contact between the penis and vulva of a minor"—in or about April 2011, contrary to section 2243(a)(1).[1]

This court held a change of plea hearing on September 16, 2011.  Schneider was advised that the maximum penalty for the charge to which he intended to plead guilty was 15 years' imprisonment.  The prosecutor noted at the hearing that the government reserved the right under the plea agreement to recommend any term of imprisonment subject to the 15-year maximum, and the prosecutor indicated that although the government would not decide upon a specific recommendation before a presentence investigation report (PSR) was completed, the prosecutor suspected the recommendation would be 10 or 11 years.  9/16/2011 Hearing Tr. 5:22–23, No. 11-CR-124, ECF No. 27.  Attorney Richards indicated that the estimated guideline range if Schneider

---

[1]Schneider also waived prosecution by indictment in the plea agreement and also waived any right to appeal his sentence except based on any punishment in excess of the statutory maximum, the sentencing court's reliance on any constitutionally impermissible factor, and ineffective assistance of counsel.

4

pled guilty would be 37 to 46 months. *Id.* at 6–7. Schneider was then sworn in and addressed by the court. The court advised Schneider that a recommended guideline range would be independently determined by the probation officer and that the court would then independently determine the guideline range at sentencing, and further that the guideline range was only advisory and not binding on the court. Schneider indicated he understood. *Id.* at 16–17. The court also advised Schneider of the elements of the offense to which he was pleading guilty, including a "sexual act," and the court noted: "The sexual act has a specific definition but as alleged in the indictment, the allegation is that the sexual act consists of your penis in contact with her buttocks in an effort to place your penis in her buttocks. That is the sexual act that is alleged here." *Id.* at 11:17–21. After the rest of the plea colloquy, Schneider entered a guilty plea. *Id.* at 23:25.

Immediately after Schneider entered his plea, however, the court noticed a discrepancy between the factual basis for the offense as set forth in the plea agreement and the charging language in the information. The information charged "contact between the penis and vulva," but the factual basis for the 2011 incident was that "M.S. could feel that Schneider was attempting to place his penis in her buttocks. . . ." The prosecutor explained that the charging language in the information appeared to be left over from what had been used in the information corresponding to the September 6th plea agreement, which was based on the 2009 incident. The prosecutor thus recommended the word "vulva" in the information be changed to "buttocks," but after looking at the statutory definition of "sexual act" in section 2246(2), the prosecutor recommended, and Attorney Richards and the court agreed, that the word "anus" should be used instead of "buttocks." The information was amended accordingly, as was the factual basis, which thus read "M.S. could feel that Schneider was attempting to place his penis in her anus." Amidst the following exchange, Schneider then re-

5

entered his plea to the charge as amended:

> The Court: All right. Mr. Schneider, you have seen the changes we have made? Any objection to those charges?
>
> Defendant: I understand.
>
> The Court: You understand. What is you plea then to that charge?
>
> Defendant: I'm – I'm going to plead guilty, Your Honor.
>
> The Court: Are you in agreement that I can rely upon the factual – the government offers a summary of evidence in paragraph five of the plea agreement that begins on page two and continues into page three. Now we have made the amendment or the change in the language.
>
> It is, I think, about five lines up or six lines up from the end of that section where I have changed buttocks to anus. But with that change then, do you have any objection to my relying upon that summary of evidence for the purpose of accepting your plea here today?
>
> Defendant: No.
>
> The Court: All right. I am satisfied then that the plea of guilty is entered knowingly and voluntarily. . . .
>
> . . . .
>
> I accept the plea of guilty and I find the defendant . . . guilty of engaging in a sexual act with a minor . . . in violation of 18 U.S.C. Sections 2243(a)(1) and 1153(a).

*Id.* at 25–26. The matter was set for sentencing.

On November 27, 2011, within a month of sentencing, Attorney Richards filed a motion to withdraw as counsel. Richards indicated that upon receiving a copy of the PSR, Schneider alleged that Richards had given him poor advice. The writer of the PSR had recommended, based on M.S.'s allegations of the earlier assaults, that the court find Schneider had engaged in a "pattern of

6

activity involving prohibited sexual conduct" and apply a sentencing guidelines enhancement under U.S.S.G. § 4B1.5(b). This would result in a five level increase in the offense level. The PSR-writer arrived at a guideline range, then, of 70–87 months. Schneider indicated that he had no idea the allegations of past assaults may be used against him in this manner. Noting that the standard to withdraw a guilty plea before sentencing is less stringent than that applicable after the sentence has been imposed, the court granted Richards' motion to withdraw as counsel and appointed new counsel to investigate whether Schneider had grounds to withdraw his plea.

Attorney Thomas Erickson replaced Richards and promptly filed a motion to withdraw the plea. Erickson argued withdrawal was warranted for three reasons: (1) because Richards did not discuss the possible application of the U.S.S.G. § 4B1.5(b) enhancement, Schneider "misapprehended" the guideline range that would apply if he pled guilty; (2) Schneider had not been properly advised of his appeal waiver during the plea hearing; and (3) Schneider had new and credible evidence of innocence because M.S. had recanted all allegations of rape in an interview with a defense investigator.

Before the court could hold a hearing on the motion to withdraw the plea, the parties advised that they had reached a new plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Schneider agreed to plead guilty to an abusive sexual contact charge under section 2244(a)(2) based on "contact between his penis and M.S.'s anus" in April 2011. The government agreed to recommend a sentence of time-served, which would have been less than one year. After a meeting in chambers between the prosecutor, S.A. Massey, Attorney Erickson, and the probation officer, the court went on the record and stated it could not accept the new plea agreement. The court explained that if Schneider committed this crime, time-served was not sufficient to protect the public or M.S., and

7

if the allegations were not true, life registration as a sex offender and other consequences of a guilty plea were too severe. The court scheduled an evidentiary hearing on the motion to withdraw the September 16, 2011 plea.

That hearing was held on April 13, 2012. Attorney Richards testified first. Richards testified at one point that he did advise Schneider that the allegations of the earlier assaults would probably be disclosed in the PSR. 4/13/2012 Hearing Tr. at 27:10. He also testified, however, that he did not specifically advise Schneider as to how that particular information could impact the sentence. *Id.* at 33–34. He also testified that had he remained on the case through sentencing, he would have attacked the PSR-writer's factual basis for applying the sentencing enhancement. *Id.* at 40–41.

Defense Investigator Gary Smith testified next. He explained M.S.'s full recantation to him. He testified that M.S. told him she made the allegations up because she wanted to get her father in trouble. Smith also testified that M.S. subsequently provided a conflicting statement to the government (recanting the 2011 allegation but not the 2009), and that she provided yet another conflicting statement to Smith when he and Attorney Erickson asked her about her statement to the government. *Id.* at 49.

Special Agent Massey then testified that M.S. had told him she recanted to Smith because she felt her father had done enough time already. *Id.* at 108. Through Massey, the government also offered into evidence several phone calls between Schneider and M.S. that occurred while Schneider was in jail. In one of the calls Schneider had stated to M.S. "When are you going to get me out of here?" and "Please get me out. You're the only one that can and you know what you gotta do. Please. I am begging you." *Id.* at 92:7–8, 94:5–8. In another call Schneider told his wife to talk

8

to M.S. and "get the sh** out of the way." *Id.* at 95:22–23. In another call with M.S., after Schneider began crying, M.S. told Schneider "I changed the story because I wanted to get you out." *Id.* at 103:4–5.

Incredibly, Schneider, who testified before the phone calls were played, testified that he had not knowingly talked on the phone to M.S. from jail. *Id.* at 78. When asked about whether he talked to his attorney about the 2009 charge, Schneider said: "I was – I was never going to plead guilty to the 2009 – the only thing I ever agreed to was the 2011 and here's what I missed before. When he [Attorney Richards] came over to talk to me about taking the plea he said it was for sexual misconduct, not sexual assault. It was for sexual misconduct. This is what I thought I was pleading out to when I came in here and pled out that day on the 16th." *Id.* at 68:16–23. He also testified, despite his statements during the plea colloquy, that he did not know the PSR-writer would be able to reach a different guideline range determination than the 37 to 46 month range that was discussed at the plea hearing. *Id.* at 74:18–22.

Noting that Schneider's credibility was very poor, the court denied the motion to withdraw. The court found Attorney Richard's testimony credible. The court found that Schneider's alleged misapprehension of the possible guideline range did not warrant withdrawal of the plea because Schneider understood that he faced up to 15 years, that the government would likely recommend 10 years, and that probation could come back with a higher guideline range. *Id.* at 125:9–20. The court noted that it had made a potentially confusing remark at the hearing regarding Schneider's appeal rights, but that the court's separate explanation of the appeal waiver was sufficiently clear. Finally, the court found the phone calls from jail showed a level of manipulation by Schneider that seriously undercut any argument that it would be fair and just to base a plea withdrawal on the

9

recantations.

At sentencing, the court first addressed the calculation of the guideline range, which had been 70–87 months in the original PSR. That PSR was written before Schneider's motion to withdraw his plea was filed. Given Schneider's efforts to withdraw his plea, the PSR had been revised and now recommended an increase in the offense severity score of two levels for obstruction of justice and a denial of any downward adjustment for acceptance of responsibility. The revised guideline range recommendation was 97–121 months.

Despite counsel's argument that Schneider intended to now accept responsibility and admit the April 2011 offense, essentially reaffirming his guilty plea to the earlier charge (ECF No. 59 at 6–7, 8), the court declined to reduce the offense severity score for acceptance of responsibility for purposes of the guideline range and adopted the PSR recommendation of a guideline sentence range of 97–121 months. 4/20/2012 Hearing Tr. 9–10, No. 11-CR-124, ECF No. 59. After M.S. and another family member spoke, each requesting leniency, and after Mr. Schneider spoke, accepting responsibility for the 2011 crime, the court imposed a sentence of 96 months' imprisonment.

On direct appeal, Schneider's appellate attorney submitted a no-merit report. The Seventh Circuit ordered briefing on the issue of whether Schneider's plea was knowing and voluntary to address Schneider's argument that he did not understand the nature of the charge to which he pled. Based on the fact that there were several different charging documents in the case and the fact that the charge to which he actually entered a plea was amended at the last minute, it was not a frivolous claim. Nonetheless, the Seventh Circuit concluded that the record did not support Schneider's claim of confusion. The court of appeals noted that Schneider had not even moved to withdraw his plea on that basis, but rather he had done so based on the guidelines enhancement issue, the appeal

10

waiver, and the claim of innocence based on the recantations. The court acknowledged Schneider's comment at the motion to withdraw the plea hearing that he thought his plea "was for sexual misconduct, not sexual assault," however, the court noted that Schneider had not indicated any confusion at the plea hearing itself. Instead, he had stated, explicitly while under oath, that he understood and did not object to the amendments to the charging document and the factual basis in the plea agreement.

The Seventh Circuit also noted that the charging language in the information, as amended ("contact between the penis and anus") did not conform precisely to the factual basis ("M.S. could feel that Schneider was *attempting* to place his penis in her anus"), but the court noted that the omission in the information of the attempt language is inconsequential because the statute authorizes conviction for an attempt, *see* § 2243(a), and Schneider could not have been prejudiced by the oversight. *See United States v. Feinberg*, 89 F.3d 333, 339 (7th Cir. 1996) ("We have held that certain lesser included offenses, such as attempt ... need not appear in the indictment, absent proof that any departure from the strict terms of the indictment either surprised the defendant or prejudiced his or her defense.... There is no evidence that reading the indictment to include attempted extortion either surprised Feinberg or prejudiced his defense." (internal citations and quotations omitted)). Accordingly, the court of appeals affirmed the conviction and sentence. This motion followed.

## ANALYSIS

Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). Relief is "limited to an error of law that is

11

jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994).

Schneider asserts that his conviction and sentence were unlawful for numerous reasons. The government has fairly summarized his claims, including those stated directly in his motion and those included in an affidavit he filed in support of his motion, as follows: Attorney Richards provided ineffective assistance through the plea proceedings; Attorney Erickson provided ineffective assistance at sentencing; Attorney Christianson provided ineffective assistance on appeal; the charging document was illegal; the district court interfered with plea negotiations; the government breached the plea agreement; Schneider is actually innocent of the charges; and Schneider's Fifth Amendment right against self-incrimination was violated when he was asked at the motion to withdraw hearing about the jail phone calls. Also, it is evident from Schneider's pleadings that he continues to maintain that his conviction was unlawful because he did not knowingly and voluntarily enter his guilty plea—he continues to assert that he thought he was pleading guilty to a sexual misconduct charge. As explained below, the unknowing plea claim was already decided on appeal, and the other claims besides ineffective-assistance were procedurally defaulted and/or are barred by the appellate waiver. Finally, the ineffective assistance claims, though properly before the court, do not entitle Schneider to relief.

## I.      Decided Claim

"[I]ssues 'raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances.'" *Vinyard v. United States*, --- F.3d ---- , 2015 WL 6774043 (7th Cir. 2015) (quoting *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)). Here, the only issue Attorney Christianson did raise on Schneider's behalf on direct appeal was whether his plea was entered

12

knowingly and voluntarily. To the extent Schneider tries to re-litigate that claim now, the claim is rejected.

Indeed, it is evident from Schneider's filings that his claim that he did not understand his guilty plea is central to his 2255 motion. For example, in his reply brief, he argues: "The government says the Seventh Circuit affirmed my conviction. Yes and their reason was because I didn't raise the issue of knowingly and willingly pleading guilty. The defendant didn't raise this issue at the district court. The defendant's attorney failed to raise this issue at the district court and is a reason for the 2255 motion. It proves the defendants attorneys were ineffective." ECF No. 7 at 3. However, the Seventh Circuit did not hold that the unknowing plea claim was forfeited—this claim was squarely rejected by the court. The court stated "[w]e need not resolve this dispute [about whether the claim was forfeited] because we conclude that the district court did not err in accepting Schneider's guilty plea—plain or otherwise." *United States v. Schneider*, No. 13-3226, slip op. at *4 (7th Cir. Jan. 22, 2015). Accordingly, to the extent Schneider claims he is entitled to relief under § 2255 because his plea was invalid, his claim is rejected under the basic rule that a defendant cannot re-litigate in collateral proceedings a claim raised and rejected on direct appeal.

Relatedly, in his reply Schneider also argues that "penis to buttocks contact is not a sexual act and defendant shouldn't have been convicted of 2243(a)(1)." (ECF No. 7 at 4.) He asks the court to look at his brief on direct appeal in which his appellate attorney made the same point:

> Finally, the actual sexual act was ever-changing as well. The complaint charged no specific sexual contact but the affidavit attached stated that Mr. Schneider attempted to place his penis in M.S.'s buttocks in 2011 and had penis to vagina intercourse with her in 2009. These are two very different acts, the former is sexual contact while the latter is a sexual act. The indictment did not contain any specifics but charged Mr. Schneider with the same offense for both the 2009 and 2011 incidents - engaging in a sexual act. The first information charged Mr. Schneider with only the

13

> 2011 incident - the incident where M.S. said Mr. Schneider attempted to put his penis in her buttocks. Penis to buttocks contact, however, is not a sexual act. It is merely sexual contact and cannot form the basis for a charge under 18 U.S.C. § 2243(a)(1).

(Appellant Br. 36, No. 13-3226 (7th Cir.), ECF No. 36.)  Citing an Eighth Circuit case, the Seventh Circuit's decision on the direct appeal also noted "[c]ontact between the penis and buttocks, . . . would be 'sexual contact,' but not a 'sexual act.'"  (Order at 2) (citing *United States v. Waters*, 194 F.3d 926, 935 n.10 (8th Cir. 1999) ("Under 18 U.S.C. § 2246(2)(D) (1998), a sexual act does not include the intentional touching of the buttocks.")).

In the relevant part of the plea colloquy this court advised Schneider that the government would have to prove, as an element of the offense of sexual assault, a "sexual act," which here was alleged to be "your penis in contact with her buttocks in an effort to place your penis in her buttocks."  9/16/2011 Hearing Tr. 27:13–24.  Under the statute, a "sexual act" includes "contact between . . . the penis and the anus [occurring] upon penetration, however slight."  18 U.S.C. § 2246(2)(A).  The offense of conviction, sexual abuse of a minor under § 2243(a), includes *an attempt* to engage in such a "sexual act" with a minor.  Accordingly, notwithstanding the amendments to use the statutory term "anus" rather than "buttocks," there should really be no question that the factual basis—the victim's statement that she could feel Schneider trying to place his penis in her buttocks/anus—does support the offense of conviction.  Moreover, as explained above, any claim by Schneider that he simply thought he was pleading to something else was rejected by the Seventh Circuit as not supported by the record on direct appeal, and cannot be re-litigated now.

## II.    Defaulted and Waived Claims

14

"When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice. [A] showing that a refusal to consider the issue would be a 'fundamental miscarriage of justice' can [also] overcome the default." *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) (internal citations omitted). An appellate attorney's failure to raise an issue on direct appeal, if the failure itself constitutes ineffective assistance, is good cause to set aside a procedural default. *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003).

Here, the government asserts that all Schneider's claims except those based on ineffective assistance are procedurally barred because they were not raised on direct appeal or were waived pursuant to the appellate waiver in the plea agreement. These claims include: the fact that the charging document, the September 16, 2011 information, was not approved by a grand jury and was amended at the plea hearing; the fact that this court rejected the March 2012 plea bargain Attorney Erickson was able to negotiate for Schneider; the allegation that the government breached the plea agreement by supporting the application of the guideline enhancement based on the pattern of abuse; the claim that Schneider is innocent of the charges; and the claim that Schneider's right against self-incrimination was violated when he was forced to testify at the motion to withdraw hearing about his phone calls to his daughter. The only claim raised on direct appeal was that Schneider's plea was not knowing and voluntary. The government also argues that Schneider cannot establish cause nor prejudice to excuse his default because Schneider's appellate attorney's performance was reasonable and because each of the above five claims is without merit anyway. I agree.

Schneider's appointed appellate attorney initially filed a motion to withdraw as counsel

under *Anders v. California*, 386 U.S. 738 (1967), along with a brief in which she asserted that Schneider's appeal was frivolous. The Seventh Circuit found counsel had not adequately analyzed the complicated procedural history leading to Schneider's guilty plea and what impact it may have had on his decision to plead guilty. The court ordered briefing on that issue. Counsel then did so, arguing that the plea was not knowing and voluntary based on the irregular circumstances of the case, including the fact that there were several different charging documents in Schneider's case and the charge to which he pled was amended at the last minute. Although the claim was ultimately rejected by the court of appeals, this was clearly the most plausible basis for relief, and counsel's performance on appeal was not objectively unreasonable. *See Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005) ("A lawyer who concentrates attention on issues that have the best chance of success does not display objectively deficient performance, and thus does not render ineffective assistance of counsel."); *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome" (quotations omitted)).

Whether the court considers the reasonableness of appellate counsel's not asserting these claims, the "miscarriage of justice" exception, or whether the court were to consider the merits of the claims in the first instance, the result is the same for the same reason: Schneider's new claims have no merit. Schneider complains that the charge he pled to was never presented to a grand jury, but he expressly agreed to waiver of prosecution by indictment in the plea agreement, Fed. R. Crim. P. 7(b), and he agreed to the amendments to the information on the record in the hearing. He claims this court interfered with plea negotiations, but the court simply rejected the agreement the parties did reach, as is plainly authorized under Federal Rule of Criminal Procedure 11(c)(3)(C). He claims

16

the government breached the plea agreement by not dismissing the indictment during the September 2011 hearing, which is true (the oversight was noticed and corrected during the appeal when appellate counsel realized the error prevented the judgment from being final), but this inadvertence could not have prejudiced Schneider in any way. He also claims the government breached the agreement by advocating for the repeat/dangerous sex offender enhancement despite that not being included in the plea agreement, but even if this was a breach of the agreement, it could not be considered a substantial one entitling Schneider to relief when probation was recommending the court adopt the enhancement regardless of the government's position, and the court independently determines whether the enhancement applies anyway. And as the government argues, its sentencing recommendation was not tied to the determination of the guideline range; the government's recommendation was 10–12 years in prison, which is essentially what the prosecutor guessed it would be at the plea hearing.

Citing M.S.'s recantations, Schneider also claims actual innocence, but the court has been over that issue. If the court believed the recantations were truthful and not simply the product of Schneider's improper influence on M.S., the court would have granted Schneider's motion to withdraw the plea. Finally, Schneider claims his Fifth Amendment rights were violated when he was "forced to incriminate himself" at the motion to withdraw hearing, but the court allowed Schneider to testify about the jail phone calls despite Fifth Amendment concerns raised by his attorney because his testimony was relevant to Schneider's motion to withdraw his plea. Schneider did not have to lie about the jail phone calls to testify in support of his motion to withdraw his plea. For all of these reasons, Schneider cannot establish cause and prejudice to excuse his default of the above claims, nor can he establish a miscarriage of justice to overcome the default.

17

### III.    Ineffective Assistance of Counsel

Schneider argues all three of his attorneys provided ineffective assistance of counsel in several ways. An ineffective-assistance claim requires showing that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 688, 687 (1984). Showing deficient performance requires showing "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Showing prejudice requires showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The court has already explained why Schneider's appellate attorney did not provide ineffective assistance with respect to Schneider's defaulted claims. The only other claim Schneider asserts concerning his appellate attorney is that she should have raised the ineffective assistance of Attorney Richards. Counsel's decision not to, however, was certainly not unreasonable because such a claim can be brought in a § 2255 motion, as it was.

Schneider argues his second attorney, Erickson, was ineffective because he did not argue as a mitigating factor at sentencing that Schneider had been molested by his uncle at a young age. This allegation of abuse was included in the PSR, however, and it was not unreasonable, based on the number of years that had passed since the alleged abuse, for Erickson to focus his argument at sentencing elsewhere—e.g. the recantations of the victim regarding the pre-2011 allegations, Schneider's acceptance of responsibility, and the family's support, including the victim's support, for a lesser prison term.

In his reply brief, Schneider argues that the Seventh Circuit's decision affirming the sentence

18

on the basis that Schneider did not raise the issue of whether he knowingly and voluntarily entered his plea in the district court, a failure Schneider attributes to Attorney Erickson, proves ineffective assistance. However, as noted above, the Seventh Circuit did not reject Schneider's claim of appellate confusion based on forfeiture, it did so whether under a plain error standard of review "or otherwise." What the Seventh Circuit did say relating to the forfeiture issue is that the fact that Schneider did not clearly raise the issue in the district court undercut his claim of appellate confusion, which is obviously a valid point. Only Schneider knew whether he was confused when he entered his plea. It was incumbent upon him to advise Attorney Erickson of that fact. He apparently did not do so because Erickson moved to withdraw the plea on different grounds. Perhaps Schneider did tell this to Erickson and Erickson concluded, based on the plea hearing transcript, that Schneider's claim lacked merit. That decision would not have been unreasonable. The last-minute changes to the information and factual basis, while irregular and certainly not ideal, occurred due to the swapping of the charge to which Schneider had agreed to plead guilty. It was not because the charge was changed from the lesser sexual misconduct charge to the more serious sexual assault charge; it is simply because Schneider wanted to admit to the 2011 conduct but not the 2009 allegations, both of which were charged in the indictment as sexual abuse. The fact that Erickson later obtained a plea bargain on the lesser charge has no bearing on whether Schneider thought he was pleading to the lesser charge at the plea hearing. Certainly, Schneider later claimed he thought he was pleading to the lesser crime at the hearing; however, as explained by the Seventh Circuit on direct appeal, the record did not support Schneider's claim.

Finally, most of Schneider's ineffective assistance claims relate to the representation Richards provided through the plea proceedings. It seems questionable whether such a claim should

19

even be entertained after Schneider's guilty plea was deemed valid on direct appeal. If Schneider's plea was knowingly and voluntarily entered, any errors his attorney supposedly made prior to entering his plea would seem ineffectual. In any event, the court will address Schneider's various arguments. Schneider argues Attorney Richards erroneously advised Schneider that if he accepted the plea agreement he would receive a sentence of time-served. However, there is no evidence in the record to support this allegation. Schneider did not even allege this when he moved to withdraw his plea. More importantly, even if he had, Richards testified that he advised Schneider he was likely facing a sentence within the guideline range calculated at the plea hearing, 37–46 months, and that the government would likely recommend ten years. 4/13/2012 Hearing Tr. 20–21. This court has already determined Richards was a credible witness and Schneider was not. Schneider's claim that he was promised time-served under the September 16 plea agreement thus would appear to be, at best, confusion based on the later plea agreement that did promise time-served and, at worst, another lie. Either way, the record including Richards' testimony shows Schneider is not entitled to relief on this basis.

Schneider also argues Richards failed to advise him of the requirement that he register as a sex offender. This consequence of his plea was stated in the plea agreement that Schneider testified that he had read, however, and this court also specifically advised Schneider of this consequence of his guilty plea at the plea hearing. 9/16/2011 Tr. 14:1–4.

Lastly, Schneider claims Richards failed to properly advise him regarding the possibility that the older rape allegations could be used against Schneider at sentencing in the form of the guidelines enhancement. But this is essentially the same issue the court addressed at the motion to withdraw the plea hearing, where one of the reasons Attorney Erickson argued for Schneider's withdrawal of

20

his plea was that Schneider "misapprehended" the guideline range that would apply if he pled. Quoting *United States v. Bowlin*, the government argued at the motion to withdraw hearing that such surprise, even if genuine, was not a basis to withdraw a plea:

> A mistake about the substantive offense goes to the heart of the guilty plea; a mistake about the possible sentence—especially when the defendant has been warned that the judge will determine the sentence based on information collected by the Probation Office and at any sentencing hearing—does not. We have repeatedly held that "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea."

534 F.3d 654, 660 (7th Cir. 2008) (quoting *United States v. Gilliam*, 255 F.3d 428, 433–34 (7th Cir. 2001)).  It logically follows that the alleged miscalculation of the sentence by Richards is not grounds for ineffective assistance, given that ineffective assistance is a ground for withdrawing a plea.  Indeed, an attorney's advice regarding a possible sentence must be clearly wrong or based on a lack of good-faith analysis of applicable law to support an ineffective assistance claim.  *See Handley v. United States*, 47 F. Supp. 3d 712, 717–18 (N.D. Ill. 2014) (collecting cases).  Here, Attorney Richards was not even incorrect.  The court simply reached a different conclusion about the guideline range, a possibility Schneider was explicitly warned about in the plea agreement and plea colloquy.  Finally, even if Richards should have but did not advise Schneider about the possibility that the sentence enhancement would apply, Schneider was not prejudiced because Schneider knew, based on Richards' other advice and what was said in open court at the plea hearing, that the he faced up to 15 years and that the government would likely recommend around 10.

For all of these reasons, I conclude that the record, including the motion to withdraw hearing in which Attorney Richards testified at length about many issues overlapping with Schneider's

21

ineffective-assistance claims now, conclusively establishes that Schneider is not entitled to relief based on any of his claims.


## CONCLUSION

For all of these reasons, I conclude that no evidentiary hearing is required to decide Schneider's motion, and the record conclusively shows that he is not entitled to relief. The motion is therefore **DENIED**. A certification of appealability shall issue. The Clerk is directed to enter judgment forthwith.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further

action is appropriate in a case.

**SO ORDERED** this __21st__ day of December, 2015.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

Case 1:15-cv-00709-WCG   Filed 12/21/15   Page 23 of 23   Document 8